# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MELISSA STEPHENS and
ERIC STEPHENS, her spouse,

    Plaintiffs,

v.                                                                CASE NO: 8:09-cv-815-T-26TBM

PETSMART, INC.,

    Defendant.
_____/

## **O R D E R**

Before the Court is Plaintiffs' Motion for Permissive Joinder of Additional Defendant, for Leave to Amend the Complaint and for Remand of Action to the Sixth Judicial Circuit of Florida (Dkt. 12), and Defendant's Memorandum of Law in Opposition. (Dkt. 15). After careful consideration of the arguments of counsel, the applicable law, and the court file, the Court concludes that the motion should be denied.

## **PERTINENT ALLEGATIONS**

In this removed case, the Complaint alleges that Plaintiff Melissa Stephens slipped and fell in one of Defendant PetSmart Inc.'s store in Clearwater, Florida. (Dkt. 2, paras. 4 & 5). She sustained severe personal injuries when she slipped and fell on a wet substance on the floor. (Dkt. 2, para. 5). Plaintiffs filed suit against only PetSmart, Inc., in the Sixth Judicial Circuit in and for Pinellas County, Florida, on April 2, 2009. Plaintiffs

allege that she sustained permanent injuries to her knee and other parts of her body and incurred medical expenses. According to the Petition for Removal, the amount of the medical expenses, including arthroscopic surgery on the knee, total $36,377.50, and future medical expenses are estimated at $98,000.00. (Dkt. 1, para. 6).

On April 29, 2009, Defendant removed the suit to this Court based on diversity jurisdiction, Defendant corporation having its principal place of business in Arizona. (Dkt. 1, Ex. 5). While complete diversity exists, Plaintiffs now request leave to amend the complaint to add two parties: Kevin Pothier, the store manager, and Anthony Hahn, the presentation manager. Mr. Pothier, presently a resident of Colorado, was not present in the store at the time of the alleged incident. (Dkt. 15, Ex. B). Mr. Hahn, although present in the store, had no knowledge of the alleged hazard— the wet substance on the floor. (Dkt. 15, Ex. B). Moreover, Mr. Hahn had no role in drafting or creating PetSmart's policies and procedures regarding store safety and inspection of the premises. (Dkt. 15, Ex. B).

Plaintiffs' Complaint seeks damages in two counts: count one on behalf of Melissa Stephens based on negligence for allowing the wet substance to remain on the floor, failing to inspect the premises for dangerous conditions, and failing to warn of the dangerous condition and count two on behalf of Eric Stephens, a derivative claim for loss of consortium. (Dkt. 2). Defendant opposes Plaintiffs' motion by asserting fraudulent joinder based on the fact that Mr. Pothier was not in the store on the day in question and that Mr. Hahn had no knowledge of the wet substance on the floor.

## STANDARD OF REVIEW

If the party the plaintiff desires to join in the action would destroy diversity jurisdiction in this Court, the standards as set forth under 28 U.S.C. § 1447(e) apply. Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998). Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Thus, this Court has discretion to exercise only two options: "(1) deny joinder; or (2) permit joinder and remand [plaintiff's] case to state court." Ingram, 146 F.3d at 862.

## MOTION TO AMEND TO ADD PARTIES/JOINDER

In circumstances like the present where joinder would destroy this Court's subject matter jurisdiction after removal, this Court must balance the equities involved. Glasbrenner v. Continental Gen. Ins. Co., 2004 WL 322912 (M.D. Fla. Jan. 27, 2004) (citing Hughes v. Promark Life, Inc., 751 F.Supp. 985, 987 (S.D. Fla. 1990)). Four factors must be reviewed in determining whether to permit joinder: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities." Glasbrenner, 2004 WL 322912, at *1.[1]

---

[1] See also Jarriel v. General Motors Corp., 835 F.Supp. 639, 641 (N.D. Ga. 1993) (citing Hensgens v. Deere & Co., 833 F.2d 1179, (5th Cir. 1987)).

Apart from these four factors, a defendant alleging fraudulent joinder bears a "heavy" burden of proving the alleged fraud. Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). The defendant must show that there is "no possibility" that the plaintiff can establish a claim against a non-diverse defendant in the state court. Accordino v. Wal-Mart Stores East, L.P., 2005 WL 3336503, *2 (M.D. Fla. 2005) (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)). Triggs stresses that only a possibility of stating a cause of action is needed. To determine fraudulent joinder, the pleadings must be examined at the time of removal "supplemented by any affidavits." Accordino, 2005 WL 3336503, at *3 (citing Pacheco de Perez, 139 F.3d at 1380).

As Defendant argues here, Mr. Pothier's situation is similar to that of the store manager in Accordino and Wade v. Dogencorp, LLC, No. 8:09-cv-1470-T-24EAJ (M.D. Fla. Oct. 14, 2009). In Accordino and in Wade, the courts held that there was no possibility that the plaintiff could state a cause of action against the store managers because they were not present in the store at the time of the accident and were therefore not liable for notice or knowledge or maintenance of the floors or the condition of the store. In Florida, there is no recognized cause of action for an *in absentia* claim of negligent failure to maintain the store because Florida law requires that a corporate officer or agent may be personally liable for negligence only if he or she participates in

the tortious conduct.[2] In other words, the store manager must be liable in his individual capacity and necessarily must be present in the store at the time of the accident in order to know of the hazardous condition and personally participate in the events leading up to the accident.

With respect to Mr. Hahn, the presentation manager, the same analysis holds true. Although Mr. Hahn was somewhere present at PetSmart on the day in question, he had no knowledge of the dangerous condition and did not participate in the incident. The affidavit of Victoria Karpinski, the litigation specialist for PetSmart, reveals that Mr. Hahn had no prior knowledge of the hazardous condition in the store. Because there is no possibility that a cause of action may be asserted against him in his individual capacity, joinder of Mr. Hahn, as well as Mr. Pothier, is deemed fraudulent and will not be permitted to defeat diversity jurisdiction. Hence, the motion for permissive joinder and to amend the complaint must be denied.

## MOTION TO REMAND

Having determined that joinder would be fraudulent and therefore denied, the motion to remand is denied also. It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Plaintiffs' Motion for Permissive Joinder of Additional Defendant and for Leave to Amend the Complaint (Dkt. 12) is **DENIED**.

---

[2] See cases cited in Accordino, 2005 WL 3336503, at * 3.

(2) Plaintiffs' Motion for Remand of Action to the Sixth Judicial Circuit of Florida (Dkt. 12) is **DENIED.**

(3) Defendant shall file its answer within 10 days of the date of this order.

**DONE AND ORDERED** at Tampa, Florida, on November 3, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record